# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant MICHAEL C. GLEASON**
**United States Army, Appellant**

ARMY 20150379

Headquarters, Fort Hood
Rebecca K. Connally, Military Judge (trial)
Jacob D. Bashore, Military Judge (DuBay)
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant: Captain Michael A. Gold, JA; James S. Trieschmann, Esquire (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

30 April 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this case we hold the nondisclosure of Family Advocacy Program (FAP) records did not constitute a discovery violation because appellant's discovery request did not identify the proper office or the actual information desired with sufficient specificity, trial counsel exercised due diligence based on the limited information provided, and the items ultimately disclosed after the trial were not material.

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of six specifications of assault consummated by battery, two specifications of aggravated assault, adultery, and interfering with an emergency call, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ. Appellant raises six assignments of error, two of which merit discussion, and one of which merits relief. We have also reviewed the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

## LAW AND ANALYSIS

### A. *The DuBay Hearing*

On 7 September 2017 this court returned appellant's record of trial to The Judge Advocate General for a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). *United States v. Gleason*, ARMY 20150379 (Army Ct. Crim. App. 7 Sep. 2017) (order). On 12 December 2017, the *DuBay* hearing concluded. The military judge made findings of fact and conclusions of law with respect to appellant's claim that the government failed to disclose evidence that was potentially exculpatory for appellant and would potentially impeach the victim related to Specifications 11 and 12 of Charge II. (App. Ex. XXXIV). We hereby adopt his findings of fact and conclusions of law. We agree with the military judge that the government complied with R.C.M. 701(a)(2) because while defense counsel submitted a request more specific than a general discovery request, it lacked the specificity to put the government on notice that particular types of records and documents existed and directed the government to look in the wrong place by providing phone numbers to the wrong component of the FAP. The government did not violate *Brady v. Maryland*, 373 U.S. 83 (1963) because the government did not withhold favorable or material evidence. In sum, appellant's asserted error is without merit given that appellant did not identify the proper office or the actual information desired with sufficient specificity, trial counsel exercised due diligence, and the items ultimately disclosed were not material.

### B. *Factual Insufficiency of the Adultery Specification*

The government charged appellant with committing adultery, which requires proof that: 1) the accused wrongfully had sexual intercourse with a certain person; 2) at the time, the accused or the other person was married to someone else, and 3) under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. *Manual for Courts Martial, United States* (2012 ed.), pt. IV, ¶ 62.

During opening statements, defense counsel conceded:

> [T]here are two things that are true. [Private First Class
> (PFC) TA] was punched by [appellant]. He was; we're not
> denying that. He admitted it because he did it. . . . And

> also the last Specification, that before his divorce was final, he had committed adultery, he had had sex with his girlfriend.

However, the only evidence of adultery introduced by the government was PFC JW's affirmative response to trial counsel's question, "[a]nd was the relationship sexual in nature?"

The military judge properly instructed the panel that the first element of Specification 2 of Charge III was that appellant "wrongfully had sexual intercourse with [PFC JW]" and that "[s]exual intercourse is defined as any penetration, however slight, of the female sex organ by the penis." Trial counsel's closing argument with respect to this specification was that PFC JW "also suffered at the hand of [appellant] while she was in a relationship with him, and [appellant] admitted to you that he was in a relationship with [PFC JW who] told you that he was married, that she was married, and that their relationship was sexual in nature." Even trial counsel's argument did not claim a required element had been met.

Therefore, while defense counsel conceded that appellant committed adultery during his opening statement, the government did not elicit any evidence of sexual intercourse as required for an adultery conviction. Private First Class JW testified only that her relationship with appellant was "of a sexual nature." She did not indicate what she meant by this phrase. Defense counsel's opening statements are not evidence, *see United States v. Clifton*, 15 M.J. 26 (C.M.A. 1983), and thus cannot be the sole basis for a conviction. As a result, appellant's conviction of Specification 2 of Charge III cannot stand.

## CONCLUSION

The finding of guilty to Specification 2 of Charge III is SET ASIDE. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no significant change in the penalty landscape. Additionally, the remaining offenses capture the gravamen of appellant's misconduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged.

3

GLEASON—ARMY 20150379

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence as adjudged. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court